

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT MICHAEL HERRING,**

    Petitioner,

v.

                                         Civil Action No. **3:13CV326**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Robert Michael Herring, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on June 24, 2014, this Court dismissed the action without prejudice because Herring failed to keep the Court informed of his current address.

On July 11, 2014, the Court received from Herring a "RULE 60 MOTION FOR RELIEF FROM JUDGMENT OR ORDER." (ECF No. 29.) Because Herring filed the Motion within twenty-eight days after the entry of judgment, the Court construes it as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"), *see MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Herring argues that his Rule 59(e) Motion should be granted in order to prevent manifest injustice. Herring states that he "was unable to file to change of address with the Court because he was transferred to Chesapeake Jail and was not allowed to take any env[e]lopes, stamps, or writing material[s] from the Norfolk Jail . . . ." (Rule 59(e) Motion 1.) Herring could not obtain stamps, writing materials or envelopes until he had been incarcerated in the Chesapeake Jail for thirty days. (*Id.*) On June 28, 2014, Herring was transferred to Virginia Beach Jail where he had access to writing materials and stamps. (*Id.* at 2.) Herring states that he filed his notice of change of address as soon as possible. (*Id.*) The Court received Herring's notice of change of address on July 2, 2014. (ECF No. 28.) The Court finds that Herring has demonstrated entitlement to Rule 59(e) relief in order to prevent manifest injustice due to circumstances beyond his control.

Accordingly, Herring's Rule 59(e) Motion (ECF No. 29) will be GRANTED. The June 24, 2014 Memorandum Opinion and Order will be VACATED. The Court will continue to process Herring's action. The Court will DIRECT Respondent to file a dispositive motion within sixty (60) days of the date of hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-16-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge