

APR 1 5 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ROBERT MICHAEL HERRING,**

      Petitioner,

v.

                                   Civil Action No. **3:13CV326**

**HAROLD CLARKE,**

      Respondent.

## MEMORANDUM OPINION

Robert Michael Herring, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Chesapeake, Virginia ("Circuit Court"). Respondent moves to dismiss the § 2254 Petition. (ECF No. 54.) Herring has responded. (ECF No. 58.) On January 15, 2015, Respondent consented to the jurisdiction of the Magistrate Judge. (ECF No. 50.) On January 20, 2015, Herring returned his consent to the jurisdiction of the Magistrate Judge form that indicated that he declined consent; however, the matter was mistakenly referred to the Magistrate Judge for all proceedings. By Memorandum Opinion and Final Order entered on October 5, 2015, the Magistrate Judge granted Respondent's Motion to Dismiss and denied Herring's § 2254 Petition. (ECF Nos. 62-63.)

On March 22, 2016, the United States Court of Appeals for the Fourth Circuit vacated and remanded the action because Herring had declined consent to the Magistrate Judge's jurisdiction, and thus, the Magistrate Judge improperly handled the proceedings. *Herring v. Clarke*, No. 15-7779, 2016 WL 1104083, at *1 (4th Cir. Mar. 22, 2016). The Fourth Circuit vacated the Magistrate Judge's dismissal order and remanded for further proceedings.

The matter is ripe for disposition.  As explained below, the Court finds that Herring's claims lack merit for the same reasons as the previously explained by the Magistrate Judge.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Herring of breaking and entering and petit larceny, and sentenced him to an active term of four years of incarceration.  *Commonwealth v. Herring*, Nos. CR10-1797-00 and CR10-1797-01, at 1-3 (Va. Cir. Ct. May 18, 2011).  Herring appealed.  The Court of Appeals of Virginia denied the petition for appeal.  *Herring v. Commonwealth*, No. 1605-11-1, at 1 (Va. Ct. App. Nov. 16, 2011).  The Supreme Court of Virginia refused Herring's subsequent petition for appeal.  *Herring v. Commonwealth*, No. 112220, at 1 (Va. May 31, 2012).

Herring filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising forty-three claims of ineffective assistance of counsel.  Petition for Writ of Habeas Corpus at 1-50, *Herring v. Dir. of the Dep't of Corr.*, No. 121663 (Va. filed Oct. 1, 2012).  Finding that Herring failed to demonstrate ineffective assistance of trial counsel, the Supreme Court of Virginia dismissed his petition.  *Herring v. Dir. of the Dep't of Corr.*, No. 121663, at 1-23 (Va. Mar. 20, 2013).

In May 2013, Herring filed the instant § 2254 Petition.  By Memorandum Opinion and Order entered June 24, 2014, the Court dismissed the action without prejudice because Herring failed to keep the Court apprised of his current address.  On July 11, 2014, Herring moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  By Memorandum Opinion and Order entered January 16, 2015, the Court granted his motion, vacated the dismissal order, and re-opened the action. (ECF Nos. 48-49.)

In his nearly 160-page § 2254 Petition, Herring faults counsel for purported errors that have little to no bearing on Herring's guilt, which is obvious from the record. Herring's main themes stem from his ongoing belief that the search of a house that he claims was not his residence violated the Fourth Amendment,[1] that the Commonwealth engaged in prosecutorial misconduct by arresting him for different crimes than he was ultimately charged with and convicted of, and that he told Chris Averitt to go to Greenbrier Farms, not Basnight Land and Lawn. Herring insists that counsel should have objected on frivolous grounds to almost every aspect of the Commonwealth's evidence and the prosecutor's fair summary of that evidence. In his repetitive claims, Herring contends that counsel rendered ineffective assistance[2] on the following grounds:[3]

| | |
|---|---|
| Claim 1: | Counsel failed to object to the warrantless search of Petitioner's residence. |
| Claim 3: | Counsel failed to object to Petitioner's false arrest without a warrant or indictment. |
| Claim 4: | Counsel failed to object at the preliminary hearing to Petitioner's unlawful search and seizure. |
| Claim 5: | Counsel failed to object at the preliminary hearing to Petitioner's false arrest without a warrant or indictment. |
| Claim 6: | Counsel failed to have the preliminary hearing recorded by a certified court reporter. |

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] The Court notes that Herring keeps his claims numbered as they were in his state habeas petition; however, he indicates that he "withdraws" from federal review Claims 2, 11, 12, 13, 32, 33, and 34. The Court employs the pagination assigned by the CM/ECF docketing system to Herring's submissions. The Court omits the emphasis in the quotations from Herring's submissions.

Claim 7:       Counsel "failed to object to the nolle prosequi of the charge of possession of stolen property. . . .   Counsel should have demanded an out right dismissal." (§ 2254 Pet. 12.)

Claim 8:       "Counsel failed to object that the two felony charges that were certified to the Circuit Court were not the charges that were returned by the Grand Jury." (*Id.*)

Claim 9:       Counsel failed to object to the Commonwealth's use of perjured testimony before the grand jury thereby violating Herring's right to due process.[4]

Claim 10:      Counsel failed to move for dismissal of the grand jury indictments because "both of the indictments were had by the [Commonwealth's] knowing use of improper tactics." (*Id.* at 14.)

Claim 14:      Counsel failed to object during trial that police conducted an illegal search of Herring's residence.

Claim 15:      Counsel failed to object during trial to the Commonwealth's witness's statement that he recovered two laptop computers from Herring's residence.

Claim 16:      Counsel failed to object "at trial that the prosecution of [Herring] for Grand Larceny and Nighttime burglary violated due process of law because the [Commonwealth] knew that said crimes were actually committed by one Chris Averett [sic]." (*Id.* at 17.)

Claim 17:      Counsel "at trial failed to competently object and argue that the petitioner's possession of some stolen property about ninety (90) days after the Basnight burglary did not support the [Commonwealth's] argument that [Herring] could be prosecuted for burglary and grand larceny." (*Id.* at 21.)

Claim 18:      Counsel "failed to object at trial to the [Commonwealth's] false statement that [Herring] had told Chris Averitt to commit the crimes of burglary and grand larceny at the Basnight business." (*Id.* at 22.)

Claim 19:      "Counsel at trial failed to object to the [Commonwealth's] false statement to the Court that [Herring] 'set the whole thing up.'" (*Id.* at 23.)

Claim 20:      "Counsel failed to object at trial when the [Commonwealth] . . . argued that [Herring] was a principal or accessory or 'set up' the crime at the Basnight business." (*Id.* at 24.)

---

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Claim 21:     "Counsel failed to object at trial to the [Circuit] Court's statement that [Herring] had sent Chris Averitt to the Basnight business with the intent to commit crimes at that location." (*Id.* at 25.)

Claim 22:     "Counsel at trial failed to object to the [Commonwealth's] false statement that [Herring] had 'inside knowledge' about property at the Basnight business and 'how to get them.'" (*Id.* at 26.)

Claim 23:     "Counsel at trial failed to object to the [Commonwealth's] improper argument that the [Herring] was an accessory before the fact to the crimes that were committed by Chris Averitt at the Basnight business." (*Id.* at 28.)

Claim 24:     "Counsel failed to object at trial to the [Commonwealth's] false and misleading statements that [Herring] was a principal and acting in concert with Chris Averitt, and that [Herring] was liable for Averitt's crimes." (*Id.* at 29.)

Claim 25:     Counsel failed to object to the Circuit Court's denial of Herring's motion to strike.

Claim 26:     "Counsel failed to object at trial to the [Circuit] Court's remarks about 'conspiracy.'" (*Id.* at 33.)

Claim 27:     "Counsel at trial failed to object to the [Commonwealth's] improper remarks about the concert of action theory." (*Id.* at 34.)

Claim 28:     "Counsel failed to object at trial to the [Commonwealth's] false and misleading statement that [Herring] 'told Mr. Averitt to go and steal those items . . . .'" (*Id.* at 36.)

Claim 29:     "Counsel failed to object at trial that the [Commonwealth] had no legal right to use the testimony of the unconvicted felon Timothy Adams against [Herring]." (*Id.* at 37.)

Claim 30:     Counsel failed to object "that the [Circuit] Court had no legal right to convict [Herring] of petit larceny, an uncharged crime." (*Id.* at 40.)

Claim 31:     Counsel failed to object that Herring "had a due process right to be convicted or acquitted on the indictment for grand larceny, and not to be convicted of any other crime." (*Id.* at 41.)

Claim 35:     Counsel "presented an incompetent motion to strike the burglary conviction" during sentencing. (*Id.* at 42.)

| Claim 36: | Counsel "was ineffective" during sentencing "when counsel told the Court that [Herring] was involved in the Basnight Land and Lawn burglary." (*Id.* at 43.) |
|---|---|
| Claim 37: | Appellate counsel was ineffective when he stated in the Court of Appeals of Virginia that Herring "had been convicted as 'an accessory before the fact of burglary and grand larceny' when [Herring] had not been convicted of those crimes." (*Id.* at 44.) |
| Claim 38: | Appellate counsel was ineffective when he stated in the Supreme Court of Virginia that Herring "had been convicted as 'an accessory before the fact of burglary and grand larceny' when [Herring] had not been convicted of those crimes." (*Id.* at 47.) |
| Claim 39: | Appellate counsel "failed to attack the void judgment of conviction for the crime of petit larceny" in the Court of Appeals of Virginia. (*Id.* at 50.) |
| Claim 40: | Appellate counsel "failed to attack the void judgment of conviction for the uncharged crime of petit larceny" in the Supreme Court of Virginia. (*Id.* at 51.) |
| Claim 41: | "Counsel was ineffective at trial for failure to competently argue against the [Commonwealth] implying that [Herring] was an accessory before the fact of burglary. [Herring] was not charged for accessory before the fact of any crime." (*Id.* at 52.) |
| Claim 42: | Appellate counsel improperly focused his argument in the Court of Appeals of Virginia on Herring "being an accessory before the fact of burglary and grand larceny when [Herring] had not been convicted of being an accessory to either crime." (*Id.* at 55.) |
| Claim 43: | Appellate counsel improperly focused his argument in the Supreme Court of Virginia on Herring "being an accessory before the fact of burglary and grand larceny when [Herring] had not been convicted of being an accessory to either crime." (*Id.* at 57.) |

Herring also filed a document entitled "Facts in Support" as an attachment to his lengthy § 2254 Petition. (§ 2254 Pet. Attach., ECF No. 1-1.) This document provides Herring's reasons why he believes the Supreme Court of Virginia either erred in its conclusion, or—in some instances, in contradiction to his § 2254 Petition—the Supreme Court of Virginia made no error. (*See, e.g.,*

§ 2254 Pet. Attach. 4.)  For the reasons discussed below, the Court finds that Herring's claims lack merit.

## II.   THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).  Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III.   EVIDENCE AGAINST HERRING

Because many of Herring's claims challenge the Commonwealth's evidence of his guilt, the Court first summarizes the evidence against Herring presented during trial.  On appeal, Herring challenged the sufficiency of the evidence to support a conviction of burglary and petit

larceny, and as an accessory before the fact of both crimes. *Herring v. Commonwealth*,

No. 1605-11-1, at 1-2 (Va. Ct. App. Nov. 16, 2011) (ECF No. 56-1). The Court of Appeals of

Virginia aptly explained:

> So viewed, the evidence proved that in February 2010, Christian Conner ran the daily operations of Basnight Land and Lawn Service, Tidewater Mulch and Material, and Greenbrier Farms and Nursery. On February 9, 2010, Conner secured all doors, windows, and gates of the business as he was leaving. On February 10, 2010, Conner arrived at work and noticed that the lock appeared to have been "crushed." He also noticed a couple of farm carts were out of place. Upon entering the office, Conner found 'drawers from the desk opened, papers strewn all over the place [and] . . . some laptop computers missing." He determined that the following items were missing: eight laptop computers, two or three flat screen televisions, a computer built for the television monitors, and ten digital cameras.
>
> Conner testified that appellant used to work at Greenbrier Farms and Nursery, but was not working there in February 2010.
>
> Detective Timothy Adams investigated the matter and obtained a search warrant on May 12, 2010 for appellant's residence. Adams recovered two computers that were stolen from Basnight Land and Lawn Service. After advising appellant of his *Miranda* rights, Adams asked appellant where he got the two computers. Appellant told Adams that they came from Greenbrier Farms, and he admitted to knowing that they were stolen. Appellant told Adams that he received a telephone call from Chris Averitt. Adams testified that appellant told him the following: "Chris was complaining that he did not have any money and was looking for some stuff to steal. Robert stated he told Chris to go down to Greenbrier Farms to check out the stuff down there." A couple of days later, Averitt called appellant and told him that he went to Greenbrier Farms and he had two laptop computers that he could not use. Averitt asked appellant if he wanted the laptops, and appellant took them.
>
> The trial court found appellant guilty of burglary and petit larceny.[5] He was sentenced to ten years, with all but three years suspended, on the burglary charge and twelve months on the petit larceny charge.
>
> Appellant argues that the evidence was insufficient to convict him as an accessory before the fact to burglary and larceny.
>
> > We have previously defined an accessory as "one not present at the commission of the offense, but who is in some way concerned therein, either before or after, as [a] contriver, instigator or advisor, or as a receiver or protector of the perpetrator." This definition mandates

---

[5] Although appellant was charged with grand larceny, the trial court found appellant guilty of petit larceny because there was a question as to whether the Commonwealth proved that the items taken were worth more than $200.

> that in the trial of an accessory before the fact the
> Commonwealth establish the following elements beyond
> a reasonable doubt: the commission of the crime by the
> principal, the accessory's absence at the commission of
> the offense, and that before the commission of the crime,
> the accessory was "in some way concerned therein . . . as
> [a] contriver, instigator or advisor."

*McGhee v. Commonwealth*, 221 Va. 422, 425-26, 270 S.E.2d 729, 731 (1980)
(quoting *Tolley v. Commonwealth*, 216 Va. 341, 348, 218 S.E.2d 550, 555
(1975)) (internal citations omitted).

> Appellant contends that he simply had a casual conversation with Averitt
> and was not a "contriver, instigator or advisor." *Id.* However, the evidence
> proved that appellant knew Averitt needed money and wanted to steal
> something. Appellant then told Averitt to go to Greenbrier Farms because he
> could find something there to steal. After Averitt stole items from Greenbrier
> Farms, he called appellant and asked him if he wanted two of the stolen laptop
> computers. Appellant took the items. Although appellant was not present when
> Averitt took the items, appellant was the one who advised Averitt where to go to
> steal the items and knew that Averitt took them.

> Accordingly, the evidence was sufficient to prove that appellant was
> guilty beyond a reasonable doubt of burglary and petit larceny.

*Herring*, No. 1605-11-1, at 1-3.

## IV. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first,

that counsel's representation was deficient and, second, that the deficient performance prejudiced

the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient

performance prong of *Strickland*, the convicted defendant must overcome the "'strong

presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable

professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

*Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

assistance of counsel claims, it is not necessary to determine whether counsel performed

deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A.   Failure to Raise Fourth Amendment Challenges

In Claims 1, 3, 4, and 5, Herring faults counsel for failing to challenge his search, seizure

and arrest on Fourth Amendment grounds.  Similarly, in Claims 14 and 15, Herring faults

counsel for failing to object to testimony at trial about the search and seizure of the computers.

Herring's claims are repetitive and difficult to follow.  The Court begins its analysis out of order

in an effort to make sense of Herring's claims.

In aptly summarizing and rejecting Herring's convoluted argument in Claims 14 and 15,

the Supreme Court of Virginia explained:

> In claim (14), petitioner contends he was denied the effective assistance of
> counsel when counsel failed to object at trial that police conducted an unlawful
> search of petitioner's trailer.  Petitioner contends the search warrant did not
> mention a "camper trailer."
>
> The Court holds that claim (14) satisfies neither the "performance" nor the
> prejudice" prong of the two-part test enunciated in *Strickland*.  The record,
> including the trial transcript, demonstrates that no evidence offered at trial was
> identified as having come from petitioner's trailer, nor has petitioner identified
> any evidence from the trailer to which counsel should have objected.  Thus,
> petitioner has failed to demonstrate that counsel's performance was deficient or
> that there is a reasonable probability that, but for counsel's alleged errors, the
> result of the proceeding would have been different.
>
> In claim (15), petitioner contends he was denied the effective assistance of
> counsel when counsel failed to object at trial when Detective Adams testified that
> he recovered two laptop computers from the residence police searched pursuant to
> the search warrant.  Petitioner contends that counsel's failure deceived the court
> into thinking petitioner lived at the house.
>
> . . . The record, including the trial transcript, demonstrates that petitioner
> was in possession of the stolen property and admitted he knew the property had
> been stolen.  Therefore, the location of petitioner's residence was irrelevant.
> Moreover, petitioner fails to proffer any support for his claim that the residence
> police searched was not his.  Thus, petitioner has failed to demonstrate that
> counsel's performance was deficient or that there is a reasonable probability that,
> but for counsel's alleged errors, the result of the proceeding would have been
> different.

*Herring v. Dir. of the Dep't of Corr.*, No. 121663, at 8-9 (Va. Mar. 20, 2013) (ECF No. 56-6).

In Claim 1, Herring argues that counsel failed to object to the purported warrantless search of his residence. In rejecting Claim 1, the Supreme Court of Virginia explained:

> The record, including the trial transcript, demonstrates that police had a warrant to search petitioner's residence. Counsel was not ineffective for failure to make a meritless argument to the contrary. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Id.* at 1-2.

In Claim 3, Herring faults counsel for failing to object to his purported false arrest without a warrant or indictment. Similarly, in Claim 5, Herring faults counsel for failing to object at the preliminary hearing to Herring's purported false arrest without a warrant or indictment. In rejecting Claims 3 and 5, the Supreme Court of Virginia found:

> The record, including the trial transcript, demonstrates that petitioner confessed to knowingly possessing the stolen property that was found in his home. Counsel could reasonably have determined petitioner's arrest was supported by probable cause and an arrest warrant was unnecessary. *See* [Va.] Code [Ann.] § 19.2-81. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Id.* at 2-3; *id.* at 3-4.

Finally, in Claim 4, Herring claims that counsel failed to object at the preliminary hearing to the purported unlawful search and seizure. The Supreme Court of Virginia determined this claim lacked merit, explaining: "The record, including the trial transcript, demonstrates that the police operation was conducted pursuant to a search warrant. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." *Id.* at 3.

The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Supreme Court of Virginia's rejection of these six claims. *See* 28 U.S.C. § 2254(d)(1)–(2). For his claims relating to the search and seizure, Herring now presents a convoluted argument that the Supreme Court of Virginia erred in its conclusion that a search warrant existed for Herring's "residence." Herring claims "the Court made the false statement that the police had a search warrant for the petitioner's 35 ft. camper-trailer in which the petitioner lived. . . . The trial record shows the police only had a search warrant for the house located at 357 Great Bridge Blvd., Chesapeake, Virginia, but the petitioner did not live at that house." (§ 2254 Pet. Attach. 1, ECF No. 1-1.) At trial, Detective Timothy Adams testified that when he executed the search warrant at 357 Great Bridge Boulevard, Herring was physically present in the house and Detective Adams found two stolen computers in the house. (Nov. 23, 2010 Tr. 18-20.) While Herring now challenges the Supreme Court of Virginia's use of the term "residence" to describe 357 Great Bridge Boulevard, the record demonstrates that Herring was in the house when the search warrant was executed. Herring also fails to offer who actually lived in the house or put the stolen computers in the house if he did not. To the contrary, Herring admitted to Detective Adams that he knowingly possessed the stolen computers. (Nov. 23, 2010 Tr. 20.) In light of the valid search warrant and Herring's physical presence in the house, counsel reasonably eschewed raising a meritless challenge to a "warrantless" search at any time during the course of the criminal proceedings.

For similar reasons, counsel also reasonably eschewed challenging Herring's purported false arrest without a warrant or indictment. Herring first reiterates his contention that the Supreme Court of Virginia erred because they incorrectly categorized the place where the computers were found as Herring's "home" and no computers were found in his "35 ft. camper

trailer" where he lived.  (§ 2254 Pet. Attach. 2-3.)  This argument lacks merit.  After executing

the search warrant, Detective Adams advised Herring of his *Miranda* rights, Herring stated that

he understood his rights, and then he admitted to Detective Adams that the two computers found

in the house were from Greenbrier Farms and they were stolen.  (Nov. 23, 2010 Tr. 20.)  Herring

then requested to go to the Chesapeake Police Department and subsequently, provided a

statement implicating himself in the theft.  (Nov. 23, 2010 Tr. 20-22.)  To the extent Herring

claims counsel should have challenged his arrest without a warrant, this claim also lacks merit.

No need existed for Detective Adams to have an arrest warrant because Herring's arrest was

supported by probable cause.  *See United States v. Williams*, 10 F.3d 1070, 1073-74 (4th Cir.

1993) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).  Accordingly, Claims 1, 3, 4, 5,

14 and 15 will be DISMISSED.

### B.    Claims Related to Preliminary Hearing and Grand Jury

Next, in Claim 6, Herring faults counsel for failing to have a court reporter record the

preliminary hearing "for further use at trial."  (§ 2254 Pet. 10.)  In aptly summarizing Herring's

claim and finding it lacked merit, the Supreme Court of Virginia explained:

> Petitioner contends the testimony that Detective Timothy Adams gave the magistrate to obtain warrants for possession of stolen property and conspiracy materially differed from his testimony at trial that petitioner committed statutory burglary and grand larceny.  Petitioner contends counsel could have used a recording to impeach Adams.
>
> The Court holds that [C]laim (6) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*.  The record, including the trial transcript, demonstrates that Adams' trial testimony consisted of describing the items police found in a search of petitioner's home and petitioner's confession to and explanation for possessing those items.  Adams did not testify regarding the nature of the charges against petitioner.  Petitioner has therefore failed to show a material difference in Adams' testimony with which counsel could have impeached Adams.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 4. Predictably, Herring again takes issue with the Supreme Court of Virginia's statement that the stolen items were found in Herring's "home" because "[n]o stolen property was ever found in the petitioner's camper-trailer." (§ 2254 Pet. Attach. 3.) Beside his disagreement with the Supreme Court's use of the term "home" to identify the place searched, Herring fails to identify, and the Court fails to discern, an unreasonable application of the law or an unreasonable determination of the facts in the Supreme Court of Virginia's rejection of Claims 6. *See* 28 U.S.C. § 2254(d)(1)–(2). Claim 6 will be DISMISSED.

In the next series of claims, Herring challenges the grand jury proceedings and the indictments. In Claim 7, Herring faults counsel for failing "to object to the nolle prosequi of the charge of possession of stolen property. . . . Counsel should have demanded "an out right dismissal." (§ 2254 Pet. 12.) In Claim 8, Herring faults counsel for failing "to object that the two felony charges that were certified to the Circuit Court were not the charges that were returned by the Grand Jury." (*Id.*) In the attachment to his § 2254 Petition, Herring concedes that he "admits that the Virginia Supreme Court's decision to [Claim 7 and 8] is correct." (§ 2254 Pet. Attach. 4.) Because Herring identifies no error in the Supreme Court of Virginia's resolution of these claims, Claims 7 and 8 will be DISMISSED.

In Claim 9, Herring argues that counsel failed to object to "the [Commonwealth's] use of knowing perjury by [its] witness Det. Becky M. Roberson before the Grand Jury" when she testified that Herring had committed the burglary and larceny that occurred at Basnight Land and Lawn when he actually told police that the crimes occurred at Greenbrier Farms. (§ 2254 Pet. 13.) Similarly in Claim 10, Herring argues that counsel failed to move for dismissal of the grand jury indictments because "both of the indictments were had by the [Commonwealth's] knowing use of improper tactics" because Herring made the statement that the crimes occurred at

Greenbrier Farms, but Detective Roberson testified to the grand jury that Herring committed the

crimes at Basnight Land and Lawn. (§ 2254 Pet. 14.)  As discussed further below, the

underlying premise for these claims is entirely meritless.

In the Supreme Court of Virginia, in Claims 9 and 10, Herring argued that counsel failed

to object to the Commonwealth's "change of story."  Petition for Writ of Habeas Corpus at 11,

*Herring v. Dir. of the Dep't of Corr.*, No. 121663 (Va. filed Oct. 1, 2012) (ECF No. 56-5).

Herring claimed that the arrest warrants charged him "for two conspiracy crimes and one charge

of possession of stolen property," but during the grand jury proceedings the Commonwealth's

accusations were that Herring "had committed the crimes of grand larceny and nighttime

burglary." (*Id.*)  To the extent these claims are lurking in his submissions, they lack merit as

discussed below.

In summarizing and rejecting these claims, the Supreme Court of Virginia found:

> . . . [P]etitioner alleges he was denied the effective assistance of counsel
> when counsel failed to object when the Commonwealth changed the accusations
> against him.  Petitioner contends the Commonwealth initially obtained warrants
> against him for conspiracy and possession of stolen property, but then obtained
> indictments for statutory burglary and grand larceny.  Petitioner contends this
> violated his right to due process and constituted prosecutorial misconduct.
>      The Court holds that [C]laims (9) and (10) satisfy neither the
> "performance" nor the "prejudice" prong of the two-part test enunciated in
> *Strickland*.  The Commonwealth's procurement of indictments and dismissal of
> the warrants did not violate any constitutional right to which the petitioner was
> entitled.  *See Benson v. Comonwealth*, 190 Va. 744, 749-50, 58 S.E. 2d 312, 314
> (1950).  Counsel was not ineffective for failure to make a meritless argument to
> the contrary.   Thus, petitioner has failed to demonstrate that counsel's
> performance was deficient or that there is a reasonable probability that, but for
> counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 5-6.  Despite the fact that Herring raised different Claims 9 and 10 in his

§ 2254 Petition than in his state habeas petition, in his "Facts in Support" attachment, his

argument for Claims 9 and 10 once again corresponds to those claims as alleged in the Supreme

Court of Virginia. He contends that the Supreme Court of Virginia "has rewritten" Claim 9. (§ 2254 Pet. Attach. 4-5.) This is simply not so. Claim 9 in his state habeas petition made no mention of a change in the location of the crime.

For Claim 10, Herring argues that *Benson* is "not on point because the [Commonwealth] had knowledge of Chris Averitt as the perpetrator of crimes before petitioner was arrested for anything." (§ 2254 Pet. Attach. 5.) The Court fails to discern any error in the Supreme Court of Virginia's rejection of this claim. While Herring has a constitutional right to a finding of probable cause, "there is no single preferred pretrial procedure" by which to make the probable cause finding. *Gerstein v. Pugh*, 420 U.S. 103, 123 (1975). It is well established that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." *Id.* at 117 n.19. Here, a grand jury indicted Herring of statutory burglary and grand larceny. Herring fails to identify that these indictments were constitutionally infirm. Claims 9 and 10 lack merit and will be DISMISSED.

### C.   Claims Related to the Sufficiency of the Evidence

In the next series of claims, Herring challenges his involvement in the crimes as an accessory before the fact to larceny and burglary. The majority of these claims fault counsel for failing to highlight the fact that Herring told Averitt that he should go look for items to steal at Greenbrier Farms, and Averitt actually stole items from Basnight Land and Lawn instead. The Supreme Court of Virginia only touched on this argument in its rejection of Herring's many claims because Herring did not place as great an emphasis on it in his state petition as he does in his § 2254 Petition. Moreover, despite Herring's insistence to the contrary, the fact that Herring

mentioned Greenbrier Farms, but Averitt stole property from Basnight Land and Lawn, is a distinction without a difference.

Both Greenbrier Farms and Basnight Land and Lawn are located at 225 Sign Pine Road and had the same manager. (Nov. 23, 2010 Tr. 9.)[6] Herring explains that "Basnight Land and Lawn did not move to the Greenbrier Farms area until months after [Herring] left employment at Greenbrier Farms." (§ 2254 Pet. Attach. 18.) Regardless of the exact name of the business Herring used when he told Averitt to go steal items, or if he knew that Basnight Land and Lawn had moved to Greenbrier Farms, Herring told Averitt to go to the place where both businesses were located to look for items to steal. Based on this advice from Herring, Averitt stole property, including computers, and Herring accepted two of the computers from Averitt knowing they were stolen.[7]

In Claim 16, Herring argues that counsel failed to object "at trial that the prosecution of [Herring] for Grand Larceny and Nighttime burglary violated due process of law because the [Commonwealth] knew that said crimes were actually committed by one Chris Aver[i]tt." (§ 2254 Pet. 17.) In finding this claim lacked merit, the Supreme Court of Virginia explained that:

> The record, including the trial transcript, demonstrates that petitioner was prosecuted not as the sole perpetrator, but as the accessory before the fact who induced Averitt to commit the offenses. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

---

[6] It appears that both Greenbrier Farms Nursery and the Chesapeake branch of Basnight Land and Lawn are located at Historic Greenbrier Farms. *See* http://www.basnightlandandlawn.com (last visited Sept. 30, 2105.)

[7] Even if the businesses did not have the same management, to be guilty as an accessory before the fact, Herring did not need to "participate in the planning of the crime" or even be "[]aware of the precise time or place of the crime's commission." *McGhee v. Com.*, 221 Va. 422, 427 (1980).

*Herring*, No. 121663, at 9-10.  Similarly, in Claim 23, Herring argues that "counsel at trial failed to object to the [Commonwealth's] improper argument that the [Herring] was an accessory before the fact to the crimes that were committed by Chris Averitt at the Basnight business." (§ 2254 Pet. 28.)  In rejecting Claim 23, the Supreme Court of Virginia found:

> Petitioner could be indicted and punished as if he were a principal in the first degree if there was evidence he acted as an accessory before the fact. [Va.] Code [Ann.] § 18.2-18.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 14.  In Claim 24, Herring contends that "[c]ounsel failed to object at trial to the [Commonwealth's] false and misleading statements that [Herring] was a principal and acting in concert with Chris Averitt, and that [Herring] was liable for Averitt's crimes." (§ 2254 Pet. 29.)  In Claim 27, Herring argues that counsel failed to object at trial to the "prosecutor's improper remarks about the concert of action theory" because counsel knew Herring had no co-defendant or accomplice.  (*Id.* at 34.)  The Supreme Court found that these claims lacked merit, explaining:

> The record, including the trial transcript, demonstrates that petitioner admitted that, after Averitt complained that there was nothing to steal, petitioner told Averitt "to go down" to the scene of the burglary "to check out the stuff down there." . . . The prosecutor's argument was a fair comment on the law and the evidence and not objectionable.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 14-15.  In Claim 41, Herring again argues that "[c]ounsel was ineffective at trial for failure to competently argue against the [Commonwealth] implying that [Herring] was an accessory before the fact of burglary.  [Herring] was not charged for accessory before the fact of any crime." (§ 2254 Pet. 52.)  Herring claims that counsel deficiently presented the case of *Tolley v. Commonwealth*, 218 S.E.2d 550 (1975), which was inapplicable

because he was not indicted as an accessory before the fact. (*Id.*) The Supreme Court of

Virginia rejected this claim, explaining:

> The record, including the trial transcript, demonstrates that the Commonwealth's theory of the case was that petitioner was an accessory before the fact because he encouraged and advised Averitt to commit the offenses. Furthermore, petitioner as an accessory before the fact could be indicted and punished as if he were a principal in the first degree. [Va.] Code [Ann.] § 18.2-18. Thus, *Tolley* was relevant to his case and petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 21–22. The Court fails to discern any error in the Supreme Court of

Virginia's rejection of Claims 16, 23, 24, 27, and 41.

Herring claims that that the Supreme Court erred because "[n]o indictment charged [him]

with being an 'accessory' to any crime." (§ 2254 Pet. Attach. 8; *see id.* 52.) However, pursuant

to section 18.2-18 of the Virginia Code, "[i]n the case of every felony, . . . every accessory

before the fact may be indicted, tried, convicted and punished in all respects as if a principal in

the first degree . . . ." Va. Code Ann. § 18.2-18 (West 2015). Accordingly, no need existed for

the indictment to identify that Herring was charged as an accessory before the fact. Moreover,

the evidence at trial demonstrated Herring's guilt of larceny and burglary as an accessory before

the fact. Herring told Averitt where he could find items to steal, Averitt stole computers and

other items, and Herring accepted two of the computers that he knew Averitt stole. Herring's

complaints about the Supreme Court of Virginia's opinion derive from his frivolous argument

that he told Averitt to go to Greenbrier Farms, not Basnight Land and Lawn. Contrary to

Herring's contention, the Supreme Court of Virginia appropriately concluded that counsel could

not be faulted for failing to object to the Commonwealth's prosecution of Herring as an

accessory before the fact to grand larceny and burglary, or the Commonwealth's statements that

Herring acted as an accessory before the fact to the crimes. Claims 16, 23, 24, 27, and 41 lack merit and will be DISMISSED.

In Claim 17, Herring argues that counsel "at trial failed to competently object and argue that the petitioner's possession of some stolen property about ninety (90) days after the Basnight burglary did not support the [Commonwealth's] argument that [Herring] could be prosecuted for burglary and grand larceny." (§ 2254 Pet. 21.) In rejecting this claim, the Supreme Court of Virginia found:

> The record, including the trial transcript, demonstrates that counsel argued that petitioner's possession of the stolen property more than ninety days after the burglary did not constitute recent possession, that the Commonwealth was therefore not entitled to any presumption that petitioner's possession of the stolen items suggested he was the thief, and that the Commonwealth had therefore failed to prove petitioner was the criminal agent. Petitioner has failed to identify any authority counsel should have submitted to further support his argument. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 10. The Court discerns no error in the Supreme Court of Virginia's resolution of this claim. Herring now takes issue with the Supreme Court of Virginia's statement that he failed to identify any authority counsel should have submitted to further this argument and argues that counsel made "incompetent argument." (§ 2254 Pet. Attach 9-10.) Herring admitted to police that the two computers found in the house were stolen by Averitt and given to him by Averitt. Given this admission by Herring, any argument contesting Herring's involvement in burglary or larceny would not be successful. Herring also claims that counsel was ineffective for failing to argue that Herring admitted to police that he told Averitt to go to Greenbrier Farms and not Basnight Land and Lawn, and that Herring never told Averitt to go to Basnight Land and Lawn. (*Id.* at 9.) Herring insists that this makes him not guilty, because he never "ha[d] an agreement to commit any crimes at Basnight Land and Lawn." (*Id.*) As the

Court has previously explained, both Greenbrier Farms and Basnight Land and Lawn are located at 225 Sign Pine Road and had the same manager. (*See* Nov. 23, 2010 Tr. 9.) Counsel cannot be faulted for failing to raise this frivolous argument. Claim 17 will be DISMISSED.

In the next series of claims, Herring argues that counsel failed to object at trial to certain statements about the evidence made by the prosecutor and the Circuit Court. In aptly summarizing and rejecting Claims 18 through 22, the Supreme Court of Virginia explained:

> In claim (18), petitioner alleges he was denied the effective assistance of counsel when counsel failed to object at trial to the prosecutor's statement that petitioner had told Averitt to commit the crimes of burglary and grand larceny. Petitioner contends he did not tell Averitt to commit any type of crime and had no control over Averitt.
>
> . . . .
>
> In claim (19), petitioner alleges he was denied the effective assistance of counsel when counsel failed to object to the prosecutor's statement to the trial court that petitioner "set the whole thing up." Petitioner contends he in fact told Averitt to go to the site of the burglary for employment, not to commit a crime.
>
> . . . .
>
> In claim (20), petitioner alleges he was denied the effective assistance of counsel when counsel failed to object at trial when the prosecutor argued that the petitioner was a principal or an accessory or "set up" the crime when there was no evidence to support that argument.
>
> The Court holds that claim[s (18) through (20)] satisf[y] neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcript, demonstrates that petitioner admitted that, after Averitt told petitioner he was looking for something to steal and complained there was nothing to steal, petitioner told Averitt "to go down" to the scene of the burglary "to check out the stuff down there." Petitioner then knowingly accepted the stolen items from Averitt. Therefore, the Commonwealth's statements were a reasonable inference from the evidence and not objectionable. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.
>
> In claim (21), petitioner alleges he was denied the effective assistance of counsel when counsel failed to object at trial to the trial court's statement that petitioner had sent Averitt to the business with the intent to commit crimes there. Petitioner contends this statement was false and therefore objectionable.
>
> The Court holds that claim (21) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcript, demonstrates that the trial court was restating the Commonwealth's argument that the testimony showed petitioner sent Averitt to

the business to "check it out." Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In claim (22), petitioner alleges he was denied the effective assistance of counsel when counsel failed to object at trial to the prosecutor's statement petitioner had "inside knowledge" about property at the business and "how to get it." Petitioner contends that, having once been an employee of the business, he no longer had "inside knowledge" after the business moved to the Greenbrier Farms area and he did not have a management position there.

The Court holds that claim (22) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that petitioner told police that he had worked at the business when it was located at Greenbrier Farms and petitioner's former employer testified that petitioner knew where the stolen items were located. Therefore, the Commonwealth's statements were a reasonable inference from the evidence and not objectionable. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 10-14. The Court discerns no error in the Supreme Court of Virginia's rejection of these claims. The majority of these claims stem from Herring's argument that he could not be guilty because he told Averitt to go to Greenbrier Farms to steal items, not Basnight Land and Lawn. Herring claims that the Supreme Court of Virginia erred by "intentionally chang[ing]" the statement Herring made to Averitt to "'go down to Greenbrier Farms and check out stuff down there'" to go to the "'scene of the burglary' because Greenbrier Farms is a different business than Basnight Land and Lawn." (*See, e.g.*, § 2254 Pet. Attach 11.) The Supreme Court of Virginia's alteration was not an error considering both businesses share an address and manager. The prosecutor and the Circuit Court made appropriate statements considering Herring's statement to police that he informed Averitt of a place where Averitt could steal items and then accepted computers he knew Averitt had stolen. Counsel cannot be faulted for failing to raise Herring's frivolous challenges during trial. Because Herring demonstrates neither deficiency of counsel nor resulting prejudice, Claims 18 through 22 will be DISMISSED.

22

In Claim 28, Herring argues that counsel "failed to object at trial to the [Commonwealth's] false and misleading statement that [Herring] 'told Mr. Averitt to go and steal those items . . . .'" (§ 2254 Pet. 36.) The Supreme Court of Virginia found no ineffectiveness of counsel, explaining:

> The record, including the trial transcript, demonstrates that petitioner admitted that, after Averitt complained that there was nothing to steal, petitioner told Averitt "to go down" to the scene of the burglary "to check out the stuff down there." Therefore, the Commonwealth's argument was a reasonable comment on the evidence and not objectionable.

*Herring*, No. 121663, at 17. Herring complains the Supreme Court of Virginia erred in its conclusion because "the said words by [the prosecutor]" that Herring "'told' Chris Averitt 'to go and steal these items' . . . . do not exist in the [Herring's] statement." (§ 2254 Pet. Attach 25.) The Court discerns no error. The prosecutor was merely summarizing the evidence. Her statement was not incorrect and was not evidence. Further underlying this claim is Herring's argument about telling Averitt to go to Greenbrier Farms, not Basnight Land and Lawn. Counsel was neither deficient, nor was Herring prejudiced, by counsel's failure to advance these meritless objections. Claim 28 will be DISMISSED.

In Claim 29, Herring faults counsel for failing to object at trial "that the [Commonwealth] had no legal right to use the testimony of the unconvicted felon Timothy Adams against [Herring]." (§ 2254 Pet. 37.) Herring seemingly calls Detective Adams an "unconvicted felon" because Herring believes that Detective Adams committed perjury when he testified that "Robert [Herring] gave me the following story as to how the burglary came about." (§ 2254 Pet. Attach 27.) As the Supreme Court aptly found, "Adams' testimony at trial consisted of describing the items police found in a search of petitioner's home and petitioner's confession to and explanation for possessing those items. Adams did not testify at trial that petitioner committed the offenses

of statutory burglary and grand larceny." *Herring*, No. 121663, at 7. The Court discerns no

error in the Supreme Court's rejection of Claim 29. Moreover, to the extent Herring again

argues that Detective Adams committed perjury when he testified about "a burglary that

happened at Basnight Land and Lawn" when Herring only mentioned Greenbrier Farms to

Detective Adams in his statement, this argument lacks merit. (§ 2254 Pet. Attach. 27-28.)

Counsel prudently lodged no objection to Detective Adams' statement because Basnight Land

and Lawn was located at the same address as Greenbrier Farms. Herring demonstrates no

deficiency of counsel or resulting prejudice, and Claim 29 will be DISMISSED.

In Claim 26, Herring faults counsel for "fail[ing] to object at trial to the [Circuit] Court's

remarks about 'conspiracy'" because he was not charged with conspiracy. (§ 2254 Pet. 33.) The

Circuit Court remarked: "So conspiracy -- it may be conspiracy because the two of you . . . ."

(Nov. 23, 2010 Tr. 32.) The prosecutor interrupted and corrected the Circuit Court by explaining

that "in a concert of action theory, I mean, he's an accessory so he is liable for every foreseeable

action that the codefendant or another accomplice commits." (Nov. 23, 2010 Tr. 32.) Herring

claims the Circuit Court's statement was an error because he had not been charged with

conspiracy. The Supreme Court of Virginia rejected this claim, explaining:

> The record, including the trial transcript, demonstrates that the [Circuit C]ourt
> was questioning the Commonwealth about its theory that petitioner was guilty
> based on concert of action when it made this comment, not making a finding that
> petitioner was guilty of conspiracy. Thus, petitioner has failed to demonstrate that
> counsel's performance was deficient or that there is a reasonable probability that,
> but for counsel's alleged errors, the result of the proceeding would have been
> different.

*Herring*, No. 121663, at 16. The Court discerns no unreasonable application of the law and no

unreasonable determination of the facts in the Supreme Court of Virginia's rejection of this

claim. *See* 28 U.S.C. § 2254(d)(1)–(2). Counsel reasonably eschewed making the meritless objection Herring raises here. Claim 26 will be DISMISSED.

In Claim 25, Herring faults counsel for failing to object to the Circuit Court's denial of Herring's motion to strike. In his state habeas petition, Herring argued that the Circuit Court employed the wrong standard for ruling on a motion to strike. *See* Petition for Writ of Habeas Corpus at 24-26, *Herring*, No. 121633. In his attachment to his § 2254 Petition, Herring "admits the correct standard of review was used." (§ 2254 Pet. Attach. 22.) Thus, Herring identifies no error in the Supreme Court of Virginia's rejection of Claim 25. Instead, Herring recasts his claim to raise his frivolous arguments that he never mentioned Basnight Land and Lawn to Averitt and therefore he had no involvement in any crimes that took place there. (§ 2254 Pet. 31-32.) Once again, counsel cannot be faulted for failing to advance this meritless argument. Claim 25 lacks merit and will be DISMISSED.

Similarly, in Claim 35, Herring claims that counsel rendered ineffective assistance when he "presented an incompetent motion to strike the burglary conviction" during his renewed motion to strike just before sentencing. (§ 2254 Pet. 42.) Herring argues that counsel failed to "cite any United States Supreme Court case decisions on the recent possession theory . . . although such cases were available . . . ." (*Id.*) In rejecting this claim, the Supreme Court of Virginia explained that Herring failed to demonstrate that counsel was deficient or that Herring was prejudiced by counsel's actions because "petitioner has failed to identify any authority counsel should have but failed to cite." *Herring*, No. 121663, at 19. Of course, in his § 2254 Petition, Herring now identifies two cases that he believes counsel should have cited (*see* § 2254 Pet. 42-43 (citing *West v. Wright*, 931 F.2d 262 (4th Cir. 1991); *Drinkard v. Comonwealth*, 178 S.E. 25 (1935))). Herring wholly fails to proffer how these cases would have strengthened

25

counsel's argument on the motion to strike the burglary, or would have altered the Circuit

Court's decision to deny the motion to strike. Herring admitted that he knowingly possessed two

computers that Averitt had stolen after receiving Herring's guidance. Any argument by counsel

about the length of possession would have little impact in light of Herring's admission of guilt.

Herring demonstrates neither deficiency of counsel nor resulting prejudice. Claim 35 will be

DISMISSED.

In Claim 36, Herring contends that counsel was ineffective at sentencing because he "told

the Court that [Herring] was involved in the Basnight Land and Lawn burglary." (§ 2254 Pet.

43.) The Supreme Court rejected this claim, finding:

> The record, including the trial and sentencing transcripts, demonstrates that
> counsel's motion to strike had been denied, the trial court had found petitioner
> guilty, and counsel was arguing mitigation at sentencing when he made the
> statement that petitioner's involvement in the burglary was "de minimis." This
> was a reasonable tactical decision which should not be second-guessed in habeas
> corpus. *See Strickland*, 466 U.S. at 689-90.

*Herring*, No. 121663, at 20. The Court discerns no unreasonable application of the law and no

unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Counsel was not

deficient for mentioning that Herring "was involved" in the burglary at sentencing, nor was

Herring prejudiced, as Herring had already been convicted of that crime. In his § 2254 Petition,

Herring predictably argues that counsel was ineffective and made a "false" statement because

Herring was not involved with the Basnight crimes with Averitt because he only told Averitt to

go to Greenbrier Farms. (§ 2254 Pet. 43.) For the reasons previously stated, counsel's reference

to Herring's involvement in the burglary at Basnight Land and Lawn was not deficient. Claim

36 is meritless and will be DISMISSED.

In Claims 30 and 31, Herring argues that counsel failed to argue that Herring could not be convicted of petit larceny because it was an uncharged crime. In rejecting these claims, the Supreme Court of Virginia explained:

> The record, including the trial transcript, the sentencing transcript, and the sentencing order, demonstrates that the trial court convicted petitioner of a lesser-included offense substantially charged within the indictment for grand larceny. *See* [Va.] Code [Ann.] § 19.2-285. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 17-18. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Herring does not contest that petit larceny is a lesser-included offense of grand larceny, but instead claims that he could not be convicted of petit larceny because the Commonwealth never charged him with this crime. He argues that the Commonwealth put on no evidence of the computers' value so, therefore, the value must be $0, and "acquittal was justified." (§ 2254 Pet. Attach. 30.) Counsel reasonably eschewed raising this meritless objection because petit larceny was substantially charged in the indictment for grand larceny. *See Berryman v. Moore*, 619 F. Supp. 853, 856 (E.D. Va. 1985) (explaining that the value of the stolen items was the only essential distinguishing element between petit and grand larceny). Moreover, as discussed below, any objection at that point in the hearing could have harmed Herring's case.

The Commonwealth claimed that the two stolen computers were worth between $950 and $1500 each, thereby subjecting Herring to a conviction of grand larceny, which requires the stolen items to be valued at more than $200. Va. Code Ann. § 18.2-95 (West 2015). Counsel successfully argued that the Commonwealth had failed to put on sufficient evidence of their value. (Dec. 13, 2010 Tr. 3-4.) The Circuit Court agreed to the extent it found Herring guilty of

the lesser offense of petit larceny, a misdemeanor, which only required that the stolen goods be valued under $200, instead of grand larceny, a felony with a penalty of up to twenty years of incarceration. (Dec. 13, 2010 Tr. 4-5); *see* Va. Code Ann. § 18.2-96 (West 2015) ("Any person who . . . [c]ommits simple larceny . . . of goods . . . of the value of less than $200 . . . shall be deemed guilty of petty larceny). In light of this boon, Herring demonstrates neither deficiency of counsel nor resulting prejudice, and Claims 30 and 31 will be DISMISSED.

### D.   Ineffective Assistance of Appellate Counsel

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). As explained below, Herring fails to demonstrate that appellate counsel rendered ineffective assistance.

In Claims 37 and 38, Herring faults appellate counsel for stating in both the Court of Appeals and the Supreme Court of Virginia that Herring "had been convicted as 'an accessory

before the fact of burglary and grand larceny' when [he] had not been convicted of those crimes." (§ 2254 Pet. 44, 47.) In finding these claims lacked merit, the Supreme Court of Virginia found:

> The record, including the trial transcript, demonstrates that counsel's statement was accurate. Thus, petitioner has failed to demonstrate counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Herring*, No. 121663, at 20-21. Neither Herring, nor the record, demonstrate an error in the Supreme Court's rejection of these claims. Claims 37 and 38 will be DISMISSED.

In Claims 39 and 40, Herring argues that appellate counsel rendered ineffective assistance because he failed to argue that his petit larceny conviction was void because he was never charged for that offense. Finally, in Claims 42 and 43, Herring contends that appellate counsel improperly focused his argument in the Court of Appeals and the Supreme Court of Virginia on Herring "being an accessory before the fact of burglary and grand larceny when [Herring] had not been convicted of being an accessory to either crime." (§ 2254 Pet. 55, 57.) In finding no ineffective assistance of counsel, the Supreme Court of Virginia explained that "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." *Herring*, No. 121663, at 21. The Court fails to discern any error in this conclusion. Herring fails to demonstrate that the challenges to his petit larceny conviction or to his liability as an accessory before the fact that he urges here are clearly stronger than the claims appellate counsel advanced on appeal.[8] To the contrary, as discussed in *supra* Part IV.C, Herring's underlying challenges are meritless. Claims 39, 40, 42, and 43 will be DISMISSED.

---

[8] Appellate counsel argued that insufficient evidence existed to convict Herring of burglary and petit larceny and as an accessory before the fact to burglary and larceny. *Herring v. Commonwealth*, No. 1605-11-1, at 1-2 (Va. Ct. App. Nov. 16, 2011).

29

## V.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 54) will be GRANTED.  Herring's claims will be DISMISSED.  Herring's Request for Admissions (ECF No. 60) will be DENIED AS MOOT.  The Court has also reviewed the lengthy "affidavit" Herring seeks to add in his Motion to Amend, and it fails to alter the Court's conclusion that his claims lack merit.  Accordingly, the Motion to Amend (ECF No. 61) will be DENIED AS FUTILE.  The § 2254 Petition and the action will be DISMISSED.  A certificate of appealability will be DENIED.[9]

An appropriate Final Order shall issue.

Date: 4-14-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Herring fails to meet this standard.